Ham-Pena v. Barr

BIA
A097 396 681

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

CARLOS ALBERTO HAM-PENA,
> *Petitioner,*

v.                                        18-3159
                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Glenn L. Formica, New Haven, CT.

FOR RESPONDENT:              Ethan P. Davis, Acting Assistant
                             Attorney General; Cindy S.
                             Ferrier, Assistant Director;
                             Victoria M. Braga, Trial Attorney,
                             Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Alberto Ham-Pena, a native and citizen of Honduras, seeks review of a September 28, 2018 decision of the BIA denying his motion to reopen his removal proceedings. *In re Carlos Alberto Ham-Pena*, No. A 097 396 681 (B.I.A. Sept. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding changed country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). Ham-Pena moved to reopen in order to apply for asylum, withholding of removal, and relief under the Convention Against Torture, asserting that a worsening political situation in Honduras and the attempted murder of his brother, a politician, excused the untimely filing of his motion. We find no abuse of discretion.

2

It is undisputed that Ham-Pena's motion was untimely because Ham-Pena filed it more than three years after the BIA's 2014 decision affirming his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The agency did not err in finding that Ham-Pena failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA noted, the evidence that Ham-Pena

3

presented with his motion to reopen described political unrest and instances of politically motivated killings similar to the tumultuous political situation that existed at the time of his original hearing. Similarly, Ham-Pena presented evidence that there had been additional threats on his brother's life, that his brother and his wife received special protection and were forced to leave Honduras, and that any special protection provided by the government would not extend to Ham-Pena. These conditions existed at the time of his original hearing and do not reflect that Ham-Pena himself will be targeted as required to state a claim for relief from removal. *See Tiao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic."); *In re S-Y-G-*, 24 I. & N. Dec. at 253 (assessing changed conditions evidence "to determine whether the applicant has made a *prima facie* showing . . . [of] a well-founded fear of persecution"). Accordingly, the BIA did not abuse its discretion in denying the motion as untimely

4

because Ham-Pena did not demonstrate a sufficient change in conditions in Honduras or one that was material to his requested relief.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court